IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL J. KELLY,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civil Action No. 12-238

O R D E R

AND NOW, this 25th day of March, 2014, upon consideration of Defendant's Motion for Summary Judgment (document No. 13) filed in the above-captioned matter on May 8, 2013,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (document No. 9) filed in the above-captioned matter on March 5, 2013,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

1

I.  **Background**

On September 1, 2009, Plaintiff Daniel J. Kelly filed a claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, and for Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381-1383f. Specifically, Plaintiff claimed that he became disabled on July 9, 2009, due to congestive heart failure, hemochromatosis, depression, and anxiety. (R. 194, 198, 209).

After being denied initially on February 22, 2010, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on May 16, 2011. (R. 134-38, 140-44, 102-29). In a decision dated July 28, 2011, the ALJ denied Plaintiff's request for benefits. (R. 18-26). The Appeals Council declined to review the ALJ's decision on September 22, 2012. (R. 1-3). Plaintiff filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

II. **Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record. See 42 U.S.C. § 405(g). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) ("[t]he

2

findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Commissioner of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (noting that the court has plenary review of all legal issues, and reviews the administrative law judge's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). However, a "single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any

substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ....'" Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act. See 20 C.F.R. §§ 404.1520, 416.920. In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. See 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the disability claim will be denied. See Bower v. Yuckert, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a), 416.921(a). If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the

4

criteria for a listed impairment. See 20 C.F.R. §§ 404.1520(d), 416.920(d). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work. See 20 C.F.R. §§ 404.1520(e), 416.920(e). The claimant bears the burden of demonstrating an inability to return to his or her past relevant work. See Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume his or her former occupation, the evaluation moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. See 20 C.F.R. §§ 404.1520(g), 416.920(g). In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience. See id. The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. See 20 C.F.R. §§ 404.1523, 416.923.

### III. The ALJ's Decision

In the present case, the ALJ found that Plaintiff met the insured requirements of the Social Security Act through September 30, 2012.

5

(R. 20). Accordingly, to be eligible for DIB benefits, Plaintiff had to establish that she was disabled on or before that date. See 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101, .110, .131.

The ALJ then proceeded to apply the sequential evaluation process when reviewing Plaintiff's claim for benefits. In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset of disability. (R. 20). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had several severe impairments, specifically, hemochromatosis, cardiomyopathy and congestive heart failure due to hemochromatosis, and adjustment disorder with mixed emotional features. (R. 20-21). The ALJ concluded that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three. (R. 21-22). In so finding, she found that Plaintiff did not have a digestive impairment that would implicate Listing 5.08. (R. 21).

The ALJ found that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), standing and walking two hours and sitting six hours. She further found that Plaintiff was limited to performing simple, routine work with no fast-pace production requirements and that he must be isolated from the public and occasional interaction with coworkers and supervisors. (R. 22-24). Based on this RFC, Plaintiff established that he is incapable of returning to his past employment; therefore, the ALJ moved

on to Step Five. (R. 24-25). The ALJ then used a vocational expert ("VE") to determine whether or not there were a significant number of jobs in the national economy that Plaintiff could perform. The VE testified that, based on Plaintiff's age, education, past relevant work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy.1 (R. 25-26, 122-24). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 26).

## IV. Legal Analysis

Plaintiff argues that the ALJ erred in failing to analyze his weight loss, which he argues was based on his hemochromatosis, under Listing 5.08, 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis. He further argues that the record establishes that his condition does, in fact, meet that listing, rendering him disabled under the Act. While the Court agrees that the ALJ should have performed a more focused analysis as to the application of Listing 5.08, it leaves for the ALJ to determine whether Plaintiff's condition meets the listing. The Court further notes that, as Plaintiff points out, there are unexplained discrepancies between the testimony of the VE as to which jobs Plaintiff could perform and those actually found by the ALJ at Step Five. Accordingly, the Court finds that substantial evidence does not support the ALJ's decision, and

---

1  As the Court will discuss below, there appears to be some discrepancy between the VE's testimony and the ALJ's findings in this regard.

7

it will remand the case for further consideration.

Listing 5.08 applies to "[w]eight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." Listing 5.00(A) provides that disorders of the digestive system include, inter alia, hepatic (liver) dysfunction, and Listing 5.00(D)(2) includes hemochromatosis as an example of a chronic liver disease. As noted, the ALJ found that hemochromatosis was one of Plaintiff's impairments. Therefore, contrary to her findings, Plaintiff did have a condition that would qualify as a digestive disorder. At the very least, if the ALJ believed that Plaintiff's hemochromatosis did not qualify as a digestive disorder despite the language of Listing 5.00, she should have provided some explanation to that effect.

While the ALJ did go on to discuss some of the elements of Listing 5.08, her failure to tie this analysis in with Plaintiff's hemochromatosis renders the analysis incomplete and inaccurate. While the record certainly provides a solid basis for finding that Plaintiff's body mass index ("BMI") was based on something other than his hemochromatosis and/or that the hemochromatosis did not cause any weight loss, there is enough evidence that Plaintiff's treating physicians monitored his weight in connection with his treatment for hemochromatosis to necessitate a more focused analysis. Moreover,

8

although the ALJ stated that Plaintiff testified that his low weight is not caused by "a condition," but rather a poor diet, Plaintiff did, in fact, testify that he believed that his appetite was affected by his hemochromatosis. (R. 112-13). The failure of the ALJ to acknowledge that Plaintiff's hemochromatosis constituted a digestive disorder seems to have created some confusion as to whether Plaintiff's low weight was attributable to a relevant "condition."

However, to the extent that Plaintiff asks this Court to find that he meets Listing 5.08 and reverse the ALJ's decision and award benefits, the Court cannot find that substantial evidence in the record as a whole indicates that Plaintiff has met the listing, or that he is disabled and entitled to benefits. See Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984). As the Government points out, to meet Listing 5.08, a claimant must show more than just a low BMI; he must also show that he suffered weight loss, and that the weight loss was due to a digestive disorder, and not because of some other ailment or a lack of appetite. See Jones v. Astrue, 2013 WL 5487416, at *3 (S.D. Ohio Sept. 29, 2013). The Court can locate no evidence in the record establishing that Plaintiff has actually lost weight as a result of his hemochromatosis. To the contrary, he reported to two separate doctors, Charles M. Cohen, Ph.D., and Kapil B. Chopra, M.D., that his low weight was a pre-existing condition, and there is evidence of other causes of his low weight, including anorexia and poor dietary habits.

9

(R. 373, 418, 436). Indeed, if anything, the Court might be able to make the finding that Listing 5.08 does not apply. Nonetheless, the Court leaves the initial analysis of this issue, in light of Plaintiff's hemochromatosis, to the ALJ. See Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.") (quoting SEC v. Chenery Corporation, 318 U.S. 80, 87 (1943)).

The Court further notes that there is some confusion in regard to the ALJ's findings as to the jobs that Plaintiff could still perform as part of her Step Five analysis. The sorter position which the ALJ found that Plaintiff could perform is a semi-skilled position based on the Dictionary of Occupational Titles ("DOT") number provided by the VE, 735.687-030, with a Special Vocational Preparation ("SVP") score of 3. See S.S.R. 00-4p, 2000 WL 1898704 (S.S.A.), at *3 (Dec. 4, 2000). The VE testified that this position was an unskilled one with an SVP of 2. (R. 123). This inconsistency should be addressed. Likewise, the ALJ found that Plaintiff could be an assembler; however, that position was offered by the VE as one that Plaintiff could perform if limited to light work (with the additional restrictions in the RFC). The RFC found by the ALJ provides for a limitation to sedentary work. The other position that the VE opined that Plaintiff could perform at the sedentary level, in addition to the two included in the ALJ's

10

findings, was that of document preparer. While this appears to be a mere clerical error, it should be clarified on remand.

V. **Conclusion**

In short, the record simply does not permit the Court to determine whether the ALJ's determination at Step Three that Plaintiff does not meet a listing, and her findings at Step Five as to the jobs which Plaintiff is able to perform, are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands this case to the ALJ for reconsideration consistent with this Order.

s/Alan N. Bloch  
United States District Judge

ecf: Counsel of record